William J. Sandberg, Administrator, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 20,346.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed January 26, 1915.

## Statement of the Case.

Action to recover damages on account of the death of one Schirmer, resulting from a collision with one of appellant's street cars while deceased was crossing its tracks after dark. The case was submitted to the jury on plaintiff's evidence alone, defendant offering none but relying on the insufficiency of plaintiff's evidence to show either negligence on its part or the exercise of due care by deceased. To reverse a judgment in favor of plaintiff for four thousand dollars, defendant appeals.

Deceased was walking with his head down as testified to by his widow. She last saw him at the first rail of the east tracks while so walking, and said that when he left the sidewalk the car was about two hundred feet north. She did not see the collision and the testimony of the only witness who did throws little light on the main questions. A passenger on the car testified that he felt the brakes put on suddenly and a jolt immediately afterwards. Another testified that the car was going slower and slower before the collision. The several witnesses testified that they heard no bell, and that the car was going at the rate of about six or eight miles an hour. There was no obstruction to a view of the car.

WEYMOUTH KIRKLAND and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

GUSTAV E. BEERLY, for appellee; EDWARD MAHER, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 149*—*when requested instruction improperly refused.* In an action against a street railway company to recover for the death of plaintiff's intestate caused by being struck by a car when he was crossing the street car tracks, a requested instruction on behalf of defendant to the effect that the mere happening of the accident together with the proof of the exercise of ordinary care on the part of the deceased does not raise a presumption of negligence on the part of defendant, *held* improperly refused, where the defendant offered no evidence in the case and there was danger that the jury might supplement the meagerness of the evidence with such presumption.

2. STREET RAILROADS, § 152*—*when argument of plaintiff's counsel prejudicial error.* In an action against a street railway company to recover damages for the death of plaintiff's intestate, where the defendant relied wholly on the insufficiency of plaintiff's case and introduced no evidence, action of court in permitting plaintiff's counsel in his argument, over objection, to allude to the fact that the defendant, though pleading not guilty, had not produced as witnesses persons whom its counsel in his opening statement said were on the car and knew how the accident happened, and thereafter permitting him to continue to dwell on the fact, comparing the attitude of the two sides in respect to producing witnesses to the occurrence, and also to say that defendant was afraid to put its motorman on the witness stand for cross-examination, *held* prejudicial error as encouraging plaintiff's counsel to argue, in effect, that defendant was guilty because it did not call witnesses in its power to produce.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.